UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAHMOUD ALILI,                                          Case No. 1:24-cv-399
    Plaintiff,                                         Hopkins, J.
                                                        Litkovitz, M.J.
vs.

FORA FUNDING LLC,                                       REPORT AND RECOMMENDATION
    Defendant.

        Plaintiff Mahmoud Alili filed a one-page complaint alleging that Fora Funding LLC violated provisions of the Fair Credit Reporting Act, 15 U.S.C § 1681c, and Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and "with willful indifference caused financial as well as other harms upon plaintiff." (Doc. 1 at PAGEID 1). He requested compensatory damages of $250,000 and $1,000,000 in punitive damages, but the complaint includes no other factual allegations.

        On September 13, 2024, defendant Fora Funding LLC filed a motion for judgment on the pleadings (Doc. 7). Defendant contends that plaintiff's complaint should be dismissed because: (1) plaintiff failed to provide a short and plain statement of facts underlying his claim, as required by Fed. R. Civ. P. 8(a); (2) plaintiff failed to allege that defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) or that there was a consumer transaction; and (3) plaintiff failed to allege facts sufficient to establish that defendant violated either the Fair Credit Reporting Act or the Fair Debt Collection Practices Act.

        On September 16, 2024, the Court notified plaintiff that he must respond to defendant's motion for judgment on the pleadings within 21 days from the date on the certificate of service and that failure to do so "may warrant judgment pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute." (Doc. 9 at PAGEID 39). After plaintiff failed to respond to defendant's motion for

judgment on the pleadings, the Court issued an Order for plaintiff to show cause no later than December 20, 2024, why this case should not be dismissed for lack of prosecution. (Doc. 10). Plaintiff has failed to do so.

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985)). "Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to show cause (Doc. 10) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

1/2/2025
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAHMOUD ALILI,            Case No. 1:24-cv-399
    Plaintiff,                 Hopkins, J.
                                          Litkovitz, M.J.
       v.

FORA FUNDING LLC,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).